UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILIN ROXANA ORTEGA CASTILLO,     CASE NO. C26-0842-KKE

Petitioner(s),     ORDER GRANTING HABEAS PETITION

v.

ICE FIELD OFFICE DIRECTOR,

Respondent(s).

After Petitioner was arrested and detained by United States Immigration and Customs Enforcement ("ICE") agents, she filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. Nos. 1, 3. Her petition argues that her detention is unlawful because it violates her constitutional right to procedural due process. Dkt. No. 3 at 1. The Government[1] has filed its

---

[1] In this order, the Court refers to the federal Respondent—ICE's Field Office Director—as "the Government." The Court also notes that the proper respondent for a habeas petition is the petitioner's immediate custodian or warden of the detention facility. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Under Federal Rule of Civil Procedure 21, the Court may, "on its own," and "on just terms, add … a party." Fed. R. Civ. P. 21. Here, although Petitioner fails to name her immediate custodian, the petition clearly challenges her detention at and seeks release from the Northwest ICE Processing Center ("NWIPC"). Construing the *pro se* petition liberally, as it must, the Court directs the Clerk to add Bruce Scott, Warden of the NWIPC, as a respondent in this action under Federal Rule of Civil Procedure 21. *See, e.g.*, *Urena v. Warden, Otay Mesa Det. Ctr.*, 26-CV-323-JO-DDL, 2026 WL 362082 (S.D. Cal. Feb. 9, 2026) (court *sua sponte* adding detention center warden as a respondent "[g]iven Petitioner's *pro se* status and his clear indication that he seeks release from the Otay Mesa Detention Center" and assuming jurisdiction over habeas action); *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 25 (D.D.C. 2011) (court *sua sponte* adding prison warden as "the proper respondent" in habeas action under Rule 21); *Devilmar v. U.S. Immigration & Customs Enf't ICE*, 3:26-CV-0009-JES-MSB, 2026 WL 130387, at *1 (S.D. Cal. Jan. 16, 2026) (declining to dismiss habeas petition for want of jurisdiction where petitioner failed to name detention center warden as a respondent "[i]n light of Petitioner's pro se status and the liberty interests at issue"); *Torres Munguia v. Attorney General*, 2:26-CV-1067-KG-GBW, 2026 WL 967363, at *1 n.1 (D.N.M. Apr. 9, 2026) (court *sua sponte* adding proper respondent and noting it "routinely substitutes" the "proper parties" as respondents in habeas actions under Rule 21).

ORDER GRANTING HABEAS PETITION - 1

return, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1225(b). For the following reasons, the Court will grant the petition and order the immediate release of Petitioner.

## I.     BACKGROUND

Petitioner is a citizen of Honduras who entered the United States in December 2023, was briefly detained, and then released on an order of release on recognizance ("OREC"). Dkt. No. 8 ¶¶ 4–7. The Government issued a notice to appear in December 2023, and it was dismissed without prejudice by the immigration court in June 2025 for failure to prosecute. Dkt. No. 8 ¶¶ 6, 11.

In October 2025, Petitioner was arrested for battery and upon release from jail, she was taken into immigration custody in Florida on November 1, 2025. Dkt. No. 8 ¶¶ 12–13. Petitioner was served a new notice to appear on January 2, 2026, and was transferred to the NWIPC on January 24, 2026. *Id*. ¶ 15. On March 17, 2026, Petitioner appeared before an immigration judge and conceded the charge of removability contained in the notice to appear. *Id*. ¶ 16. On March 27, 2026, Petitioner had a final hearing on her applications for relief from removal. *Id*. ¶ 17. The immigration judge denied all forms of relief and ordered her removed to Honduras. *Id*. Petitioner's appeal deadline is April 30, 2026. *Id*. ¶ 18.

On March 9, 2026, Petitioner filed a petition for a writ of habeas corpus requesting immediate release from detention. Dkt. No. 1. The Government did not revoke Petitioner's OREC until April 6, 2026, although she has been detained since November 1, 2025. Dkt. No. 8 ¶¶ 13, 19.

For the following reasons, the Court finds that Petitioner's re-detention does not comport with due process and therefore grants the habeas petition.

## II.     ANALYSIS

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"   28

ORDER GRANTING HABEAS PETITION - 2

U.S.C. § 2241(c)(3).  In this case, Petitioner contends that her arrest and detention violate, among other things, the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. CONST. AMEND. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  Determining whether an administrative procedure provides the process constitutionally due

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context."  53 F.4th 1189, 1206–07 (9th Cir. 2022).  The Court will consider each *Mathews* factor in turn to determine whether Petitioner's re-detention comports with constitutional due process requirements.

ORDER GRANTING HABEAS PETITION - 3

**A.      Petitioner Has a Protected Interest in Her Liberty.**

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).  That Petitioner was arrested and remains in custody undoubtedly presents a deprivation of Petitioner's interest in her liberty.

While Petitioner's arrest may ultimately prove to be changed circumstances warranting re-detention, the Government does not rely on that arrest to trigger mandatory detention.  Instead, the Government argues that because she was initially apprehended in 2023 within 100 air miles from the U.S. border and within 14 days of her entry into the country, she can be detained under 8 U.S.C. § 1225(b) at any time.  Dkt. No. 7 at 9.  Petitioner's status as a person who was released on supervision and has been living in this country for years counsels against this expanded view of the Immigration and Nationality Act as amended.  *See, e.g.*, *Da Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026) ("[C]onsistent with the plain text of the statutory provisions at issue here, our holding allows noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk or danger to the community, to be released on bond under Section 1226(a) while their removal proceedings are pending."); *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1155 (D. Nev. 2025) ("By subjecting noncitizens like Petitioners to mandatory detention, despite their significant due process rights as individuals present in the U.S., with no consideration of their deep financial, community, and familial ties in the country, the government has proffered an interpretation of a federal statute that engenders constitutional issues." (citation modified)).[2] "The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in

---

[2] The Government cites, among other things, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), as support for its position here that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).  *See* Dkt. No. 7 at 5. With respect to the Fifth Circuit Court of Appeals, this split decision is not binding on this Court, and is inconsistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING HABEAS PETITION - 4

Petitioner's position who has resided in the United States for many years." *Aquino v. LaRose*, No. 25-cv-2904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) (collecting cases). The Government's interpretation of § 1225(b) is unpersuasive when the statutory scheme is read as a whole, when this subsection is read in conjunction with its implementing regulations, and when the subsection is read against the backdrop of shifting agency pronouncements. *See, e.g.*, *Llanes Tellez v. Bondi*, __ F. Supp. 3d __, 2025 WL 3677937, at *6–8 (N.D. Cal. Dec. 18, 2025).

For these reasons, the Court rejects the Government's position on the applicable detention authority and finds that Petitioner is detained under Section 1226(a) rather than Section 1225(b).[3] Furthermore, the Court finds that Petitioner's interest in her liberty is constitutionally protected. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("[I]ndividuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). Accordingly, the first *Mathews* factor favors Petitioner.

## B.     The Risk of Erroneous Deprivation of Liberty is High.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest, and here, the Court finds that the risk of erroneous deprivation of Petitioner's liberty interest in the absence of a pre-detention hearing is high.

As described earlier in this order, Petitioner was arrested and detained on November 1, 2025, upon her release from jail after an arrest. *See* Dkt. No. 8 ¶¶ 12–13. The Government acknowledges that there is no record of the revocation of Petitioner's order of supervision until

---

[3] The Government disavows any suggestion that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). *See* Dkt. No. 7 at 8–9 n.3.

ORDER GRANTING HABEAS PETITION - 5

April 6, 2026, after she filed a habeas petition. *See* Dkt. No. 7 at 7 n.2. With this timeline, it is undisputed that Petitioner did not receive notice or an opportunity to be heard on the OREC revocation before she was re-detained. The absence of procedural safeguards leads to a high risk of an erroneous deprivation of Petitioner's liberty.

Accordingly, the Court finds that the second *Mathews* factor favors Petitioner. *See Doe*, 787 F. Supp. 3d at 1094.

**C.     The Government Interest in Civil Detention Without a Hearing Is Low.**

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing.

The Court finds that the Government's interest in re-detaining non-citizens previously released without a hearing is low: although it would require the expenditure of finite resources (money and time) to provide Petitioner notice and a hearing before re-detention, those costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue. *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

For these reasons, the Court finds that the Government's interest in re-detaining non-citizens previously released without a hearing is minimal: any administrative or financial burdens in providing Petitioner a hearing are far outweighed by the risk of erroneous deprivation of the liberty interest at issue. Accordingly, the third *Mathews* factor favors Petitioner.

The Court's review of the *Mathews* factors indicates that all three favor Petitioner, and the Court concludes that Petitioner's re-detention does not comport with due process. *See Singh v. Warden*, No. 1:26-cv-00030 DJC SCR, 2026 WL 1113792, at *3 (E.D. Cal. Apr. 24, 2026)

(recommending a finding that a petitioner's due process rights were violated when he was re-detained without a pre-deprivation hearing after release from jail with a pending robbery charge).

### III.   REMEDY

Having determined that Petitioner's re-detention violates her constitutional right to due process, the Court finds her detention unlawful and will grant her habeas petition.  The Court must now determine the appropriate remedy.

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief."  *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013).  "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require."  *Id*. (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)).  "Declaratory and injunctive relief are proper habeas remedies."  *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022).

Here, the Court finds that the appropriate remedy for Petitioner's unconstitutional detention is immediate release.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Singh*, 2026 WL 1113792, at *3 (recommending immediate release for a petitioner re-detained after release from jail without due process).

Furthermore, as explained in this order, due process requires that Petitioner receive notice and an opportunity to be heard before she may be re-detained for alleged release violations.  *See, e.g.*, *Llanes Tellez*, __ F. Supp. 3d __, 2025 WL 3677937, at *9 ("If the government wishes to re-detain [Petitioner], it must provide him with the pre-detention hearing before a neutral decisionmaker required by due process.").  At any future pre-deprivation hearing, the Government must demonstrate the justification for detention by clear and convincing evidence.  *See Doe*, 787 F. Supp. 3d at 1089.

ORDER GRANTING HABEAS PETITION - 7

## IV.    CONCLUSION

For these reasons, the Court GRANTS the habeas petition.  Dkt. No. 3.  The Court ORDERS that Petitioner shall be released from custody no later than May 1, 2026, on the terms of her prior OREC.  The Government shall file a status report no later than May 4, 2026, to confirm Petitioner's release in compliance with this order.

Dated this 30th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING HABEAS PETITION - 8